## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES SIMMONS,

                **Plaintiff,**

                                     **CIVIL ACTION**
      **vs.**                             **No. 06-3291-SAC**

CRAWFORD COUNTY JAIL, et al.,


                **Defendants.**


### ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro se and in forma pauperis.

### Discussion

Plaintiff commenced this action while incarcerated at the Crawford County Jail, Girard, Kansas, and his claims arise from the conditions of confinement there.

Plaintiff has amended the complaint to provide specific factual allegations as directed by the court.  He also has filed two additional motions to amend (Docs. 15 and 16).  The court grants those motions, and having considered them with the amended complaint (Doc. 8), enters the following findings and order.

First, the court dismisses the Crawford County Jail from this action.  To state a claim under § 1983, a plaintiff must allege the claimed deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The jail, however, is not a "person" for purposes of §1983.  *See Aston v. Cunningham,* 2000 WL 796086, *4 n. 3 (10th Cir. June 21, 2000)(affirming dismissal of county jail as defendant in prisoner's § 1983 action because "a detention facility is not a person or legally created entity capable of being sued").

Next, it is not clear whether plaintiff was a pretrial detainee during his incarceration at the Crawford County Jail or whether he was serving a criminal sentence there.  Claims concerning a convicted prisoner's conditions of confinement are evaluated under the Eighth Amendment, while the conditions of a pretrial detainee's confinement must be examined under the Due Process Clauses of the Fifth and Fourteenth Amendments. However, "[a]lthough the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(citation omitted).

The Eighth Amendment requires prison officials to provide

2

humane conditions of confinement by ensuring prisoners an adequate diet, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quotations and citations omitted). To establish a claim under the Eighth Amendment, a prisoner must establish both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). The objective component requires a prisoner to establish the deprivation is "sufficiently serious" to implicate the Eighth Amendment, *id*. at 298; while the subjective component requires a showing that the defendant prison official acted with deliberate indifference to a substantial risk of harm. *Farmer*, 511 U.S. at 834.

Likewise, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). "[J]ail conditions may be restrictive and even harsh without violating constitutional rights." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003)(quotation omitted).

In considering the claims presented by the plaintiff, the court has developed a chronology of the events he alleges violated his constitutional rights.

**Diet**

Plaintiff entered the Crawford County Jail on August 7, 2006.  On August 16, he received a banana on his dinner tray.  He reported to jail authorities that he is allergic to bananas.  Although the banana was removed, plaintiff was not given a replacement tray, and he refused to eat the original meal served.  He alleges this violated his rights.  (Doc. 8, p. 10).

The Eighth Amendment requires prison officials to provide nutritious meals; however, a prisoner must allege a serious injury caused by the provision of inadequate food to state a claim under the Eighth Amendment.  *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991).  Likewise, the courts have found no constitutional violation where only an occasional instance of an inadequate diet is alleged.  *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (quoting *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied.,* 475 U.S. 1096 (1986))(occasional foreign object in food or service of cold food does not violate the Constitution).  Plaintiff does not allege the single meal involved in this claim resulted in serious harm, and the court finds this isolated instance did not violate the Eighth Amendment.

**Information in jail file**

Plaintiff next claims that on August 23, 2006, he asked

4

jail officials to change some information in his jail file but it was not done.  Plaintiff does not allege any specific harm arose from this failure.  (Doc. 8, pp. 9-10).  Having considered the allegation, the court finds the claim is insufficient to support more than a claim of negligence.  Negligence alone, however, does not state a claim for relief under § 1983.  *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

**Conditions in segregation**

On August 30, 2006, plaintiff was placed in observation for five days.  He complains that during that time, he received only two showers, one opportunity for recreation, and one opportunity to clean his cell; that he was subjected to verbal abuse by staff members; that he used the same bath towel for 3 days; and that he was denied medical care for a hernia.  (Doc. 8, p. 5.)

While these conditions no doubt were unpleasant, none of these circumstances demonstrates the sort of unnecessary, wanton harm that is actionable under the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991)("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

**Failure to protect**

Plaintiff next complains that on September 6, 2006, he and another inmate were taken outside for recreation at the same time.  He alleges this was unlawful because he was in protective custody, and he states the other prisoner tried to start a fight with him.  (Doc. 8, p. 17.)

Under 42 U.S.C. § 1997e(e), "[n]o federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, because plaintiff's claim fails to allege any actual injury caused by the other prisoner, he fails to state a claim for relief.

**Access to religious services**

Plaintiff next complains that on September 14, 2006, he was not allowed to go to church.  He also complains that on October 5, 2006, he was exposed to danger because he was seen by inmates in general population when a deputy tried to take him to church services at the jail.  He was returned to his cell.[1]  (Doc. 8, pp. 4 and 10.)  These allegations do not

---

[1]

It appears this occurred after plaintiff became involved in an altercation with another prisoner and the pastor called for assistance.

6

state a claim for relief.

The Constitution requires that "reasonable opportunities
must be afforded to all prisoners to exercise ... religious
freedom." *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972).
However, the occasional failure to accommodate a prisoner's
access to religious services does not violate the Constitu-
tion, *Hadi v. Horn,* 830 F.2d 779, 787-788 (7th Cir. 1987), and
the record  makes clear that plaintiff has been given some
opportunity, consistent with his security needs, for religious
expression.  Plaintiff's claim that he was placed in danger
fails under 42 U.S.C. § 1997e(e) because he does not allege he
sustained any physical injury.

**Odor in cell**

Plaintiff next complains that from October to December
2006, he was assigned to a cell with a prisoner who returned
from work release smelling of cigarette smoke. (Doc. 8, p.
7.)  This allegation fails to state a claim for relief because
the minor inconveniences of prison life do not cause "the
denial of the minimal civilized measure of life's necessities"
nor support a showing of deliberate indifference. *Farmer,* 511
U.S. at 834 (internal quotation marks omitted).  *See also*
*Williams v. McWilliams*, 20 F.3d 465 (5th Cir. 1994)(prisoner
who was subjected to odor from incontinent prisoner in housing

7

unit did not state a claim under the Eighth Amendment).

**Sanitation**

Plaintiff claims that on October 15, 2006, he and other prisoners asked to use a shower in the booking area due to a malfunctioning shower in their housing unit but received no response. (Doc.8, p. 17.) He also claims that on several occasions, medications were passed out without the use of pill cups. (*Id*., pp. 4-5, 8, 19, and 21.)

These claims fail to allege a deprivation of life's minimal necessities, as necessary to state a claim of unconstitutional action. *Farmer, id.* "To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

**Recreation**

Plaintiff next complains of a denial of recreation on approximately fourteen days between October 2006 and April 2007. (Doc. 8, pp. 5, 9, 11, 13, 16, 18, 21, 22, and 24.)

The occasional deprivation of access to recreation has not been held to state a constitutional deprivation. *See, e.g., Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003)(37 days without exercise was not an atypical and significant

hardship in the ordinary context of prison life); *Delaney v. DeTella,* 256 F.3d 679, 684 (7th Cir. 2001)("short-term denials of exercise may be inevitable in the prison context."); *Harris v. Fleming*, 839 F.3d 1232, 1236 (7th Cir. 1988)(28-day denial of exercise not a constitutional violation); *Leonard v. Norris,* 797 F.2d 683, 685 (8th Cir. 1986)(15 days without exercise outside of cell was not cruel and unusual punishment).  The allegation therefore fails to state a claim for relief.

**Exposure to hepatitis**

Plaintiff next complains that on November 18, 2006, he was exposed to hepatitis when a female inmate cleaned blood from her feet and used toenail clippers in the booking area. The clippers were wiped with alcohol by staff after use, and staff advised plaintiff the shower was cleaned with bleach. (Doc. 8, pp. 13-15.)

Consistent with the constitutional mandate to provide prisoners with reasonably adequate sanitation and safety, prison officials must take reasonable measures to protect prisoners from contracting communicable disease where a serious threat is presented.  *Johnson v. U.S.,* 816 F.Supp. 1519, 1522 (N.D. Ala. 1993).  However, the facts here are insufficient to support a claim of deliberate indifference.  Plain-

tiff's claim of exposure appears to be entirely speculative, it is apparent jail personnel took reasonable measures to maintain sanitary conditions, and plaintiff does not allege any physical injury.  *See Canell v. Multnomah County*, 141 F.Supp.2d 1046, 1053 (D. Or. 2001)(no claim stated where plaintiff alleged he was exposed to bodily fluid from inmate with AIDS; plaintiff had not tested HIV positive, and exposure to AIDS is insufficient to state a claim).

**Excessive force**

Plaintiff next claims that on December 19, 2006, a lieutenant and two deputies beat him and took his notes. (Doc. 8, pp. 7-8.)

The Eighth Amendment prohibits "'the unnecessary and wanton infliction of pain.'"  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)(citation omitted).  Courts evaluating a claim of excessive force must consider "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. at 6 (citation omitted).

The court has considered plaintiff's allegation and concludes a responsive pleading is required on this issue.

**Undelivered property**

Plaintiff next claims he did not receive two books left

for him by his pastor on January 25, 2007. (Doc. 8, p. 11.)
This claim appears to allege an unauthorized deprivation of
property by a prison employee.  Such claims may be resolved
through state post-deprivation remedies, and these remedies
are available to a prisoner in state custody.  Therefore, the
plaintiff's bare allegations do not rise to a constitutional
claim of a deprivation without due process. *See Parratt v.
Taylor*, 451 U.S. 527, 540-42 (1981)*, overruled in part on
other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31
(1986).

**Failure to contact attorney**

Plaintiff next alleges that on March 29, 2007, jail
authorities failed to contact an attorney to notify him that
his client was being summoned to court to testify in the
plaintiff's criminal case.  (Doc. 16.)  The court construes
this claim to assert a violation of the Sixth Amendment right
to counsel.  However, because that right is personal, *see
Texas v. Cobb*, 532 U.S. 162, 172 n.2 (2001), plaintiff may not
assert a violation of the right on behalf of a third party, in
this case, another prisoner at the jail.

**Free speech**

Plaintiff next alleges he was placed in segregation on
April 4, 2007, for verbally abusing a female officer.

11

Plaintiff does not deny the conduct but asserts the placement violates his right to free speech.  (Doc. 8, p. 5.)

"[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context ... some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system." *Shaw v. Murphy,* 532 U.S. 223, 229 (2001)(*citing Pell v. Procunier,* 417 U.S. 817, 822 (1974)). Prohibiting abusive conduct toward prison employees is obviously such an objective. *See Ustrak v. Fairman*, 781 F.2d 573, 5800 (7th Cir. 1986)("We can imagine few things more inimical to prison discipline than allowing prisoners to abuse guards and each other.")

The facts alleged by plaintiff show he was placed in segregation for misconduct and was briefly deprived of recreation and access to legal and writing materials.  Such placement is patently reasonable on the facts, and the brief deprivation described by plaintiff does not suggest more than inconvenience.  Plaintiff fails to state a claim for relief.

**Access to the courts**

Plaintiff next complains that on February 28, 2008, jail employees were nearby when he spoke with his attorney concern-

ing an evidentiary hearing (Doc. 15, p. 2) and that on March 2 and 4, 2008, he asked a deputy for legal papers to file an appeal arising from that hearing but did not receive them (Doc. 14, pp. 1-2).  Plaintiff states he filed the appeal after his return to state custody.  He also complains the jail lacked a law library.  (Doc. 8, p. 9.)

The court construes the first claim to allege interference with plaintiff's Sixth Amendment right to counsel.  Governmental interference with the relationship between a criminal defendant and defense counsel violates the right to counsel if there is substantial prejudice.  *Weatherford v. Bursey*, 429 U.S. 545, 557-58 (1977).  However, the plaintiff has not specified how this apparently isolated conduct interfered with his rights, and none is apparent.  Plaintiff's second claim appears to allege interference with access to the courts.  A prisoner's access to the court is recognized as a fundamental constitutional right.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish a violation of this right, a prisoner must demonstrate actual injury. *Lewis v. Casey,* 518 U.S. 343, 350-51 (1996).  "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka,* 74 F.3d 191, 194 (10th Cir. 1996).  Because plaintiff states only a delay in his

13

ability to file an appeal, he states no claim for relief.

Likewise, plaintiff's bare claim that the jail lacked a law library fails.  Prisoners have no right to a law library, *Lewis*, 518 U.S. at 350-51, and plaintiff was represented by counsel.  Plaintiff has alleged no actual injury in any litigation.

**Other claims**

Finally, plaintiff asserts a number of claims without any specific supporting information.  The claims include the denial of a haircut, differences in access to cable television channels, the right to be interviewed by the press, and being singled out for participation in a food strike.

A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf".  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997).  None of these vague allegations have been sufficiently supported to state a viable claim of relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions to amend the complaint (Docs. 15 and 16) are granted.

IT IS FURTHER ORDERED a responsive pleading is required

14

concerning the plaintiff's allegation that he was subjected to excessive force on December 19, 2006, by defendants Stus, Donny (LNU) and Troy (LNU).  All other claims are denied, and the remaining defendants are dismissed from this action.

IT IS FURTHER ORDERED:

(1)  The clerk of the court shall prepare waiver of service forms for the three defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  Answers or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of this order.

(2)  Officials responsible for the operation of the Crawford County Jail are directed to undertake a review of the subject matter of the complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

15

(3)  Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4) Authorization is granted to the officials of the Crawford County Jail to interview all witnesses having knowledge of the facts, including the plaintiff.

(5)  No answer or motion addressed to the complaint shall be filed until the *Martinez* report requested herein has been prepared.

(6)  Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

Copies of this order shall be transmitted to the parties.

16

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 23rd day of March, 2009.


                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge